UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ANTHONY LAMONT MAY,

                Petitioner,

                                      Case Number 09-12009-BC

v.                                 Honorable Thomas L. Ludington

LLOYD W. RAPELJE,

                Respondent.

_____/


**ORDER DENYING PETITIONER'S REQUEST TO HOLD PETITION IN ABEYANCE,
DIRECTING PETITIONER TO DECIDE WHETHER TO AMEND PETITION OR
EXHAUST CLAIMS, AND DENYING AS MOOT APPLICATION TO PROCEED IN
FORMA PAUPERIS**

      On May 21, 2009, Petitioner Anthony Lamont May filed a pro se petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254, alleging violations of his constitutional rights.  In 2006,

Petitioner was convicted of first-degree criminal sexual conduct in Kent County Circuit Court and

sentenced as a fourth habitual offender to fourteen to forty years imprisonment.  Petitioner raised

the following issues in a direct appeal to the Michigan Court of Appeals: (1) trial counsel was

ineffective for failing to exercise peremptory challenges to excuse two jurors, for failing to object

to the testimony of various witnesses, and for failing to produce an expert witness and properly

cross-examine a nurse practitioner; (2) the trial court erred in admitting other acts evidence that was

more prejudicial than probative; and (3) the trial court improperly scored two offense variables

under the state sentencing guidelines.  The Michigan Court of Appeals affirmed Petitioner's

conviction and sentence.  *People v. May*, No. 270047, 2007 WL 3085508 (Mich. Ct. App. Oct. 23,

2007).  Petitioner's application for leave to appeal to the Michigan Supreme Court was denied.

*People v. May*, 746 N.W.2d 85 (Mich. Mar. 24, 2008).

In the habeas petition now before the Court, Petitioner raises the following claims:

(1)      He received ineffective assistance of counsel during jury selection at trial.

(2)      The trial court abused is discretion in admitting evidence about his romantic overtures to a woman other than the victim.

(3)      The trial court erred in scoring offense variable 4 for serious psychological injury and offense variable 10 for predatory conduct.

(4)      The trial court improperly admitted evidence that was more prejudicial than probative in violation of his due process rights.

(5)      The trial court's improper scoring of the offense variables violated his due process rights.

(6)      The prosecutor's improper methods exceeded his legitimate duties and deprived him of a fair and impartial jury.

(7)      The trial court failed to dismiss the case due to lack of evidence and the prosecutor failed to prove every element of the charged offense.

(8)      The racial makeup of the jury deprived him of a fair trial.

(9)      The prosecution engaged in misconduct by arguing facts not in evidence and shifting the burden of proof.

(10)     The prosecution engaged in misconduct during closing arguments by making an improper civic duty argument.

(11)     Trial counsel was ineffective for failing to interview and call witnesses and for failing to investigate his case before trial.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining that "state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17

F.3d 155, 160 (6th Cir. 1994). Importantly, federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of a petitioner's habeas claims before he can present those claims in federal court; otherwise, the federal court is unable to apply the standard found at 28 U.S.C. § 2254.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. He admits that he has not exhausted eight of his eleven habeas claims in the state courts. Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for review of a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (noting that a habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow

3

a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). This stay and abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id*. at 277.

In this case, Petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 et seq., raising the unexhausted claims and then pursuing those claims in the state appellate courts. Petitioner's unexhausted claims appear to concern matters of federal law which may warrant further review, but should be addressed to, and considered by, the state courts in the first instance.

Petitioner requests that the Court hold his petition in abeyance pending his exhaustion of state remedies. However, he has not shown the need for a stay. While most of his unexhausted claims are not "plainly meritless" and there is no indication that he has intentionally delayed the proceedings, he has not demonstrated extraordinary circumstances warranting a stay. The one-year limitations period applicable to habeas actions does not pose a significant problem. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied Petitioner's direct appeal on March 24, 2008. He then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. Therefore, with regard to the statute of limitations, his conviction became final on or about June 22, 2008.

4

Petitioner then had one year in which to file his federal habeas petition or seek additional state court review.  The time during which a properly filed application for state post-conviction or other collateral review is pending in the state courts statutorily tolls the one-year period.  *See* 28 U.S.C. § 2244(d)(2).  Petitioner dated his federal habeas petition on May 21, 2009.  At that point, approximately one month of the one-year limitations period remained.  While the time in which his habeas petition has been pending before this Court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled.  *See, e.g.*, *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  Assuming that Petitioner has not already filed a motion for relief from judgment in the state trial court, he will have approximately one month of limitations period remaining at the time of this dismissal to do so.  More importantly, Petitioner has neither alleged nor established "good cause" for his failure to properly exhaust his state court remedies before proceeding in federal court on habeas review as required by *Rhines*, 544 U.S. 269.

Accordingly, it is **ORDERED** that Petitioner's request for a stay is **DENIED**

It is further **ORDERED** that should Petitioner elect to amend his habeas petition to proceed only on the exhausted claims, Petitioner is **DIRECTED** to file an amended petition deleting the unexhausted claims from his petition on or before **February 12, 2010**.  Should Petitioner elect to exhaust the remainder of his claims before pursuing federal habeas relief, he need do nothing and the current petition will be dismissed without prejudice after **February 12, 2010**.

It is further **ORDERED** that Petitioner's application to proceed in forma pauperis [Dkt. #

2] is **DENIED AS MOOT** because Petitioner paid the $5.00 filing fee for this action and no other

fees are required to date.


                                        s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

Dated: January 12, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on January 12, 2010.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS

6