UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY LAMONT MAY,

        Petitioner,

                                        Case Number 09-12009-BC
v.                                        Honorable Thomas L. Ludington

LLOYD W. RAPELJE,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On May 21, 2009, Petitioner Anthony Lamont May filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging violations of his constitutional rights. In 2006, Petitioner was convicted of first-degree criminal sexual conduct in Kent County Circuit Court and sentenced as a fourth habitual offender to fourteen to forty years imprisonment. In his admittedly "mixed" petition, containing both exhausted and unexhausted claims, Petitioner raises claims concerning the effectiveness of trial counsel during jury voir dire, pre-trial investigation, and trial, the admission of other acts evidence, the scoring of two sentencing offense variables, the conduct of the prosecutor, the sufficiency of the evidence, and the racial composition of the jury.

On January 12, 2010, the Court denied Petitioner's request to hold his petition in abeyance pending his exhaustion of state remedies as to eight of his eleven claims. *See* [Dkt. # 3]. The Court directed Petitioner that if he wished to proceed on the exhausted claims at this time, he needed to file an amended petition with the unexhausted habeas claims omitted on or before February 12, 2010. In the event that Petitioner did not timely file an amended petition, the Court informed

Petitioner that it would presume that he was electing to exhaust all of his claims before pursuing federal habeas relief and his current petition would be dismissed without prejudice. As of today's date, Petitioner has not filed an amended petition and the petition will be dismissed without prejudice.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability is warranted only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling and a certificate of appealability will be denied.

Accordingly, it is **ORDERED** that the habeas petition [Dkt. # 1] is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED** and that Petitioner is **DENIED** leave to proceed in forma pauperis on appeal because any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: April 15, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing notice was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 15, 2010.

        s/Tracy A. Jacobs
        TRACY A. JACOBS